**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**


IN THE MATTER OF

LARRY ALLEN TALBERT

    Debtor

CASE NO. 04-13867 SEC. A

CHAPTER 7

----------------------------------------------------------------

SONYA TURNER, ET AL

    Plaintiffs

      Vs.

LARRY ALLEN TALBERT

    Defendant

ADV. NO. 04-1174

----------------------------------------------------------------

## REASONS FOR DECISION

Larry Allen Talbert filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code[1] on May 21, 2004, and on that day an order for relief was duly entered. Plaintiffs filed the instant complaint pursuant to section 523(a)(4) seeking a determination of the dischargeability of the debt owed them by the Debtor. Plaintiffs seek to have this adversary proceeding certified as a class action. Defendants object.

The class certification hearing was held on April 26, 2005. After the hearing, the matter was taken under advisement.

--------------------

[1] Title 11, United States Code. References herein to sections of the Bankruptcy Code are shown as "section _____."

## I.  Factual Background

In 1996, Epcon, Inc., n/k/a Progix, Inc., established an employee 401(k) Plan ("the Plan"). Employees of Progix and its two subsidiaries were allowed to participate in the Plan. The Debtor was one of the two named trustees of the Plan.

Plaintiffs claim that the Defendant was responsible for collecting employee contributions and employer matching funds and forwarding them to the Plan's administrative server. Plaintiffs also claim that between October 2000 and March 2001 ("the critical period") the Defendant was still collecting employee contributions but had stopped forwarding them to the Plan's administrative server.

## II.  Law and Analysis

### A.  Are class actions permitted in dischargeability cases?

As a threshold issue, Defendant relies on the case of In re Hanson (Sweet v. Hanson), 104 B.R. 261 (Bkrtcy. N.D. Cal. 1989), for the proposition that class actions are not permitted in dischargeability cases. Hanson appears to be the lone decision rejecting the notion that class actions are available in section 523 actions. As the court observed in Hanson, however, a few courts have allowed class action dischargeability proceedings. *Id.* at p. 262.

This Court respectfully disagrees with the Hanson decision. By definition, a proceeding to determine the dischargeability of a debt is an adversary proceeding. Rule 7001(6), Federal Rules of Bankruptcy Procedure ("FRBP"). Rule 7023, FRBP, without exception, makes class actions applicable to adversary proceedings. It necessarily follows that dischargeability proceedings may be prosecuted as class actions. This Court is unwilling to overlook the plain language of these Rules.

**B.  Are there procedural defects that preclude the Court from certifying the class?**

Rule 7023, FRBP, provides that Rule 23, Federal Rules of Civil Procedure ("Rule 23"), pertaining to class actions, applies in adversary proceedings. Rule 23(c)(1)(A) requires that the Court determine "at an early practicable time" whether to certify the proceeding as a class action.

Defendant contends there are fatal procedural defects to class certification because Plaintiffs did not comply with Local Civil Rule 23 of the United States District Court for the Eastern District of Louisiana[2]. Specifically, Defendant alleges Plaintiffs by failed to: (a) move for certification within ninety days after filing the complaint, (b) caption the case in the manner prescribed by that rule, and (c) make certain prescribed allegations.

---

[2]Local Rule 7023-1 of the Bankruptcy Court for the Eastern District of Louisiana provides that Local Rule 23.1 of the District Court applies to class action proceedings in this Court.

3

In the body of the complaint, under the heading **CLASS CERTIFICATION**, in Paragraphs VIII thru XIV, Plaintiffs set forth numerous facts in support of class certification; a request for such certification is contained not only in such paragraphs, but also in the prayer of the complaint. The Court does not believe that failing to pray for class certification in a separate motion is fatal to maintaining the suit as a class action. The Fifth Circuit has said that courts have an independent obligation to decide whether an action was properly brought as a class action even if neither party moves for a ruling. Gore v. Turner, 563 F.2d 159, 165 (5th Cir. 1977).

In this case, Plaintiffs requested class certification in the complaint and the Court set the class certification hearing during the first pretrial conference. Further, the Eastern District of Louisiana itself has stated that failure to comply with the ninety day deadline does not preclude the Court from determining whether the class should be certified. Walker v. City of Bogalusa, 1997 WL 370139, *1 (E.D. La.1997). Accordingly, the Court finds that failing to request class certification in a separate motion is not fatal to the class being certified.

Defendant also points to the Plaintiffs' failure to properly caption the Complaint and omission of certain necessary allegations in the Complaint. Bankruptcy Rule 9029(a)(2) provides,

4

> A local rule imposing a requirement of form shall not be enforced in a manner that causes a party to lose rights because of a nonwillful failure to comply with the requirement.

The court concludes, therefore, that failing to caption the complaint in a certain manner is not fatal to the class being certified.    Further as pointed out above, the Court finds that the allegations contained in Paragraphs VIII through XIV of the complaint are sufficient to satisfy Local Civil Rule 23.1(A).

**C.  Rule 23(a)**

Having overruled the Defendant's procedural objections to class certification, the court must now turn to the substantive issue of whether class certification is appropriate under the circumstances of the case.  To be sure, Plaintiffs have the burden of proving that the elements of Rule 23(a) are satisfied.    <u>Unger v. Amedisys Inc.</u>, 401 F.3d 316, 321 (5th Cir. 2005).  Those elements are:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Rule 23(a).  If each element of Rule 23(a) is satisfied, Plaintiffs must then establish that at least one of the elements of Rule 23(b) is satisfied.

**1.  Numerosity**

5

> [A] plaintiff must ordinarily demonstrate some evidence
> or reasonable estimate of the number of purported class
> members. See J. Moore & Kennedy, supra, at P.23.05(3).
> However, this does not mean that the actual number of
> class members is the determinative question, for "(t)he
> proper focus (under Rule 23(a)(1) is not on numbers
> alone, but on whether joinder of all members is
> practicable in view of the numerosity of the class and
> all other relevant factors." <u>Phillips v. Joint
> Legislative Committee</u>, 637 F.2d 1014, 1022 (5th Cir.
> 1981). See <u>Garcia v. Gloor</u>, 618 F.2d 264, 267 (5th Cir.
> 1980), cert. denied, — U.S. —, 101 S.Ct. 923, 66 L.Ed.2d
> 842 (1981).

<u>Zeidman v. McDermott</u>, 651 F.2d 1030, 1038 (5th Cir. 1981).

The Fifth Circuit has identified factors other than the number of

class members that may be relevant to "numerosity."

> [T]hese include, for example, the geographical dispersion
> of the class, the ease with which class members may be
> identified, the nature of the action, and the size of
> each plaintiff's claim. See <u>Garcia v. Gloor</u>, supra, at
> 267; 7 C. Wright & Miller, Federal Practice & Procedure
> §1762, at 600-03 (1972). It is not surprising,
> therefore, that no definitive pattern has emerged under
> Rule 23(a)(1) in terms of the number of purported class
> members. Indeed, classes with as few as twenty-five or
> thirty members have been certified by some courts. See
> C. Wright & A. Miller, supra, at 597-99.

<u>Zeidman v. McDermott</u>, 651 F.2d 1030, 1038 (5th Cir. 1981).

Defendant contends that there were eighty-eight Plan

participants during the critical period. Seven of those people,

however, were not making contributions to the Plan during the

critical period because they were no longer employees of Progix or

its subsidiaries. Defendant contends that 26 of the 88 were made

whole by Progix between April 2001 and June 2002, when Progix paid

the administrative server. Further, Mr. Talbert transferred the

6

money he had in the Plan to be redistributed pro rata among those who did not get 100%, which made another 13 people whole.   After subtracting the above, including Mr. Talbert, the potential class is reduced to 41.[3]   Seven of that 41 are named Plaintiffs in this lawsuit, so Defendants claim that there are potentially only 34 more claimants.

Plaintiff disputes that 26 people were made whole by Progix. Also, just because some employees were repaid, does not mean they were made whole.   They were not given the benefit of their money during the critical period until the money was repaid, including lost interest.

Because there are potentially 88 class members, the Court finds that the element of numerosity is satisfied.

### 2. Commonality

> The commonality test is met when there is at least one issue, the resolution of which will affect all or a significant number of the putative class members. Forbush v. J.C. Penney Co., 994 F.2d 1101, 1106 (5th Cir. 1993).

Lightbourn v. County of El Paso, Texas, 118 F.3d 421, 426 (5th Cir. 1993).  All potential class members, even those whose contributions have been repaid will be affected by a decision regarding lost interest.   Accordingly, the Court finds that the Plaintiffs have met their burden of proving commonality.

### 3. Typicality

---

[3] $88 - (7 + 26 + 13 + 1) = 41$

7

> [T]he test for typicality is not demanding.  It focuses
> on the similarity between the named plaintiffs' legal and
> remedial theories and the theories of those whom they
> purport to represent.  Typicality does not require a
> complete identity of claims.  Rather, the critical
> inquiry is whether the class representative's claims have
> the same essential characteristics of those of the
> putative class.  If the claims arise from a similar
> course of conduct and share the same legal theory,
> factual differences will not defeat typicality.

Stirman v. Exxon Corp., 280 F.3d 554, 562 (5th Cir. 2002), quoting

James v. City of Dallas, 254 F.3d 551, 571 (5th Cir. 2001).

In this case the claims of the named Plaintiffs are typical of

all potential class members in that they all belonged to the Plan,

and their contributions to the Plan during the critical period were

not forwarded to the Plan's administrative server.  Accordingly,

the Court finds that Plaintiffs have met their burden of proving

typicality.

### 4.  Adequacy of Representation

The Fifth Circuit has provided a two-part test to determine

whether the named Plaintiffs will "fairly and adequately protect

the interests of the class":

> (1) the representative must have common interests with
> the unnamed members of the class; and (2) it must appear
> that the representative will vigorously prosecute the
> interests of the class through qualified counsel.

Gonzales v. Cassidy, 474 F.2d 67, 72 (5th Cir. 1973).

The named Plaintiffs were employees of Epcon, Progix, or one

of its subsidiaries.   They participated in the Plan during the

8

critical period.   As such, the Court finds that they have common
interests with the unnamed members of the class.

Also, the Court is satisfied that the named Plaintiffs will
"vigorously prosecute the interests of the class through qualified
counsel."   Some of the named Plaintiffs were present and willing
to testify at the class certification hearing, and there are no
allegations that the attorneys representing the Plaintiffs are not
fully qualified.   The representation by Plaintiffs' counsel thus
far leaves the Court confident in their ability.   Accordingly, the
Court finds that Plaintiffs have met their burden of proving that
they will "fairly and adequately protect the interests of the
class."

### D.   Rule 23(b)

Along with proving that they have met all four of the
requirements of Rule 23(a), Plaintiffs must meet one of the three
requirements of Rule 23(b).   Both Plaintiffs and Defendants seem to
agree that only Rule 23(b)(3) would be applicable.

> Framed for situations in which "class-action treatment is
> not as clearly called for" as it is in Rule 23(b)(1) and
> (b)(2) situations, Rule 23(b)(3) permits certification
> where class suit "may nevertheless be convenient and
> desirable.". . . In adding "predominance" and
> "superiority" to the qualification-for-certification
> list, the Advisory Committee sought to cover cases "in
> which a class action would achieve economies of time,
> effort, and expense, and promote . . . uniformity of
> decision as to persons similarly situated, without
> sacrificing procedural fairness or bringing about other
> undesirable results." (Citations omitted.)

_Amchem Products, Inc. v. Windsor_, 521 U.S. 591, 615, 117 S.Ct. 2231, 2245-2246 (1997).

Rule 23(b)(3) provides that the Court must find—

that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Individual control over the litigation is high in cases where personal injury claims are at stake.  _Georgine v. Amchem Products, Inc._, 83 F.3d 610, 633 (3rd Cir. 1996), _aff'd_ _Amchem Products, Inc. v. Windsor_, 521 U.S. 591, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997).  However, in a case such as this, the class members do not have a significant interest in individual control in the prosecution of the action.

The extent of other litigation and the desirability of concentrating litigation in this forum also weigh in favor of certification.  Plaintiffs filed a similar suit in United States District Court, but Defendant was never served and the case was administratively closed due to Defendant's bankruptcy proceeding. Because no action was taken in the District Court case, the Court

10

finds the extent of this litigation to be minimal.  Also, because Defendant sought bankruptcy protection, it is desirable that the claims be litigated in bankruptcy court.

The fourth factor of Rule 23(b)(3) includes consideration of "the size or contentiousness of the class, the onerousness of complying with notice requirements, the number of class members that may seek to intervene and participate, or the presence of special individual issues."  Wright, Miller & Kane, <u>Federal Practice and Procedure</u>: Civil 3d §1780, p. 190.  The size of this potential class is not too large to make noticing difficult or participants too many.  Also, the Court does not anticipate problems with special individual issues.

> [A] group composed of consumers or small investors typically will be unable to pursue their claims on an individual basis because the cost of doing so exceeds any recovery they might secure.  When this is the case it seems appropriate to conclude that the class action "is superior to other available methods for the fair and efficient adjudication of the controversy."

*Id*. at §1779, p. 161.

Accordingly, the Court concludes that the questions of law and fact of the class predominate over individual issues.  Also, the Court concludes that a class action is superior to other methods for resolving this controversy.

### III.  Conclusion

Because Plaintiffs have satisfied the necessary elements of Rule 23(a) and (b)(3), the Court will certify this proceeding as a class action and defines the class as follows:

> All persons who contributed to the employee 401(k) plan of Epcon, Inc., or Progix, Inc., or their subsidiaries from October 1, 2000, through March 31, 2001, and whose contributions to the 401(k) plan were not transmitted to the administrative server.

The class claims and issues shall be those set forth in the complaint, and the following shall serve as class counsel pursuant to Rule 23(g): David S. Moyer and Perry R. Staub, Jr.

The parties shall confer as to a plan of class notice and shall submit such plan within 30 days.

New Orleans, Louisiana, May 24, 2005.

Gerald H. Schiff
U.S. Bankruptcy Judge