**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

**IN THE MATTER OF**

**LARRY ALLEN TALBERT**

**Debtor**

**CASE NO. 04-13867 SEC. A**

**CHAPTER 7**

---

**SONYA TURNER, ET AL**

**Plaintiffs**

**Vs.**

**ADV. NO. 04-1174**

**LARRY ALLEN TALBERT**

**Defendant**

---

**REASONS FOR DECISION**

---

On May 21, 2004, Larry Allen Talbert ("Debtor" or "Defendant") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code[1], and on that day an order for relief was duly entered. The instant complaint was filed pursuant to section 523(a)(4) seeking a determination of the dischargeability of the debts owed the seven Plaintiffs by the Debtor. In addition, the Complaint sought certification of the proceeding as a class action so as to benefit all parties similarly situated as the Plaintiffs.

After hearing, on May 24, 2005, this Court certified the proceeding as a class action and defined the class as follows:

[1] Title 11, United States Code. References herein to sections of the Bankruptcy Code are shown as "section."

> All persons who contributed to the employee 401(k) plan of Epcon, Inc., or Progix, Inc., or their subsidiaries from October 1, 2000, through March 31, 2001, and whose contributions to the 401(k) plan were not transmitted to the administrative server.

The Court also ordered that the class claims and issues were those set forth in the Complaint, and directed the parties to confer as to a plan of class notice and submit such a plan to the Court within thirty days.

The Court subsequently granted the parties' joint motion for an extension of time to submit a plan of class notice until June 30, 2005, as the parties represented that they were trying to reach agreement on various issues.

On June 29, 2005, however, the Defendant filed a Motion to Approve Rule 7023 Notice, while on the next day the Plaintiffs filed both a Motion to Approve Rule 7023 Notice and a Motion for Leave to File an Amended Complaint. The Defendant objected to both of the Plaintiffs' motions.

## I. Amended Complaint

The Plaintiffs seek to expand the Court's definition of the class. Specifically, Plaintiffs request the court to define the class as follows:

> All persons who participated in the employee 401(k) plan of Epcon, Inc., or Progix, Inc., or their subsidiaries from the inception of the plan, and/or who made contributions to the plan from July 1, 2000, through March 31, 2001, and/or whose contributions to the 401(k) plan were either frozen or not transmitted to the administrator of the plan.

The Plaintiffs contend that this will not add any additional counts or claims and that the proposed class definition relates to facts pled in the original complaint.

**A. Procedural Defects**

As a threshold issue, Defendant alleges that Plaintiffs' Motion for Leave to Amend the Complaint is procedurally defective. Plaintiffs gave Defendants 19 days notice of the hearing, rather than the 20 days notice required by Local Rule 9013-1(B). While the notice of hearing is defective for that reason, the Court will still entertain Plaintiffs' Motion to Amend the Complaint. The Court does not believe that this one day oversight was intentional. Also, the Court, on its own motion, continued the hearing for one week. Therefore, Defendant had adequate notice of the hearing and was not prejudiced.

Defendant also contends that Plaintiffs failed to comply with Local Rule 9013-1(E) by not including with their motion a certificate stating that Defendant refused to consent to the amendment of the complaint. Defense counsel states that he was never contacted, nor did. Plaintiffs did not file a "Certificate of Non-consent" until July 25, 2005. According to Local Rule 9013-1(E), the Clerk of Court's office should not have accepted the motion for filing without the certificate.

While Plaintiffs should have filed the certificate with their Motion for Leave to Amend, rather than several weeks later, the

Court will still consider Plaintiff's motion as it seems certain that Defendant would not have consented even given the chance.

**B. Leave to Amend**

Federal Rule of Civil Procedure 15, which is made applicable to this proceeding by Bankruptcy Rule 7015, provides that once a response has been filed, amendment of the complaint requires either "leave of court" or "written consent of the adverse party; and leave shall be freely given when justice so requires." The Fifth Circuit has articulated factors to consider when determining whether to grant leave to amend:

> (1) undue delay; (2) bad faith; (3) dilatory motive on the part of the movant; (4) repeated failure to cure deficiencies by any previously allowed amendment; (5) undue prejudice to the opposing party; and (6) futility of amendment. (citation omitted)

Ellis v. Liberty Life Assurance Co. of Boston, 394 F.3d 262, 268 (5th Cir. 2005).

The amended complaint broadens the time frame of the allegations against the Defendant by three months.[2] It also adds the allegation that the Defendant caused Pan American, the administrative server of the plan, to freeze the plan, which prevented the plan participants from preventing losses by managing their assets. If the Court grants the Plaintiffs' leave to amend,

[2] The time frame in the original complaint is October 2000 through March 2001, while the time frame in the amended complaint is July 2000 through March 2001.

the class definition will be expanded to encompass people who may have suffered losses as a result of the new allegations.

The Defendant further objects to the amendment on the basis that Plaintiffs are seeking to impute upon the Defendant liability for the actions of Pan American. The Defendant contends he will be unduly prejudiced if the Plaintiffs are allowed to substantially increase the potential class of claimants as a result of the actions of Pan American.

The Defendant also contends that the amendment would be futile because the actions of a third party, Pan American, are not covered under section 523(a)(4). The Court believes it would be difficult to delve into the causal connection between the alleged damages and the Defendant's actions at this stage in this case without reaching the merits.

Defendant finally objects to the amendment on the basis that Plaintiffs' counsel has been aware from documents in their possession since October 2004 that Pan American froze the 401(k) accounts. At the hearing, Plaintiffs' counsel represented to the Court that he had issued a subpoena to Pan American in October 2004. He added that while there was a return on the subpoena he had not received or seen any documents from Pan American.

In response, Defendant's counsel produced evidence that Plaintiffs' counsel had in fact received documents from Pan

American.[3] Plaintiff's counsel subsequently admitted in a brief that he was mistaken in his prior representation to the Court.[4] He contends that he was unaware that documents had been received by his law firm. Plaintiffs' counsel also argues that the documents received do not contain any useful information.

Plaintiffs' counsel maintains that information contained in documents received from Regions Bank in May 2005, as well as Defendant's subsequent deposition, provided the basis for seeking leave to amend the complaint. Plaintiff's counsel admits that some of the documents received from Regions Bank were duplicative of the documents they received from Pan American in October 2004, but they also maintain that most of the documents received from Regions Bank had not been known to them previously.

**1. Undue Delay**

After careful review, the Court finds that allowing the amended complaint at this time would cause undue delay in the proceedings. If Plaintiff's counsel truly believed that they had not received documents from Pan American in response to the October 2004 subpoena, the proper course of action was to file a motion to compel production.[5]

---

[3] Pleading 69, Exhibits A and B

[4] Pleading 74

[5] The discovery deadline was April 18, 2005.

The Plaintiffs claimed that the documents they received in May 2005, and the deposition of Defendant, which was taken on June 1, 2005, provided the basis for the amended complaint. If the court accepts that as correct, Plaintiffs still delayed almost 2 months before attempting to file their Motion for Leave to Amend the Complaint.

Plaintiffs' counsel made statements at the April 26, 2005, hearing on class certification that lead the Court to believe that they already knew they may have more claims. Specifically, Plaintiffs' counsel pointed out to the Court that the complaint said, "on or about October 2000," but he said that Defendant could have stopped transmitting payments as early as July. Also at that hearing, Plaintiffs' counsel said, ". . . Pan American froze everyone in the accounts plans when they couldn't take it out; they couldn't sell their stocks during a time when the equities market was crashing, and these people were stuck . . ."

The Court certified the class on May 24, 2005; the Plaintiffs, however, were aware of the new allegations well before that date. Accordingly, the Court finds that allowing Plaintiffs' to amend their complaint at this late stage would cause undue delay in the proceedings by adding new claims and increasing the class.

**2. Prejudice to the Defendant**

> A defendant is prejudiced if an added claim would require the defendant "to reopen discovery and prepare a defense for a claim different from the [one]... that was before the court."

Smith v. EMC Corp., 393 F.3d 590, 596 (5th Cir. 2004), *quoting* Duggins v. Steak'N'Shake, Inc., 195 F.3d 828, 834 (6th Cir. 1999).

The discovery deadline in this case was April 18, 2005. Allowing Plaintiffs' to amend their complaint to allow more claims and increase the class size at this stage would cause prejudice to the Defendant by requiring him to reopen discovery in order to prepare to defend himself against the new claims, particularly those arising from the allegations regarding Pan American.

**C. Conclusion**

Because of the undue delay in the proceedings and the prejudice to the defendant if the Plaintiffs' were allowed to amend their complaint at this stage, the Court will deny the Plaintiffs' Motion for Leave to File an Amended Complaint.

**II. Notice of Class Certification and Opt Out Procedures**

Both the Plaintiffs and the Defendant have filed motions to approve the notice of class certification and opt out procedures. The Plaintiffs' motion[6] will be denied as that proposed notice incorporates a class definition different from the definition certified by the Court. The Court will grant the Defendant's motion[7] and approve Defendant's proposed Notice of Class Certification and Opt Out Procedures and the Opt Out Form with the following additions in accordance with FRCP Rule 23(c)(2)(B):

---

[6] Pleading 55.

[7] Pleading 50.

(1) the deadline for submitting Opt Out forms is midnight on January 31, 2006; and (2) a class member may enter an appearance through counsel if the member so desires. Counsel for Plaintiffs are responsible for mailing the approved Notice of Class Certification and the Opt Out Procedures and Opt Out Form to all potential class members on or before December 16, 2005.

Separate orders in conformity with the foregoing reasons have this day been entered into the record of this proceeding.

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, on this 30th day of November, 2005.

Gerald H. Schiff
United States Bankruptcy Judge