UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF

LARRY ALLEN TALBERT

    Debtor

CASE NO. 04-13867 SEC. A

CHAPTER 7

-----------------------------------------------------------------

SONYA TURNER, ET AL

    Plaintiffs

    Vs.

LARRY ALLEN TALBERT

    Defendant

ADV. NO. 04-1174

-----------------------------------------------------------------
## REASONS FOR DECISION
-----------------------------------------------------------------

On May 21, 2004, Larry Allen Talbert ("Debtor" or "Defendant") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code[1], and on that day an order for relief was duly entered. The instant complaint was filed pursuant to section 523(a)(4) seeking a determination of the dischargeability of the debts owed the seven Plaintiffs by the Debtor. In addition, the Complaint sought certification of the proceeding as a class action so as to benefit all parties similarly situated as the Plaintiffs.

After hearing, on May 24, 2005, this Court certified the proceeding as a class action and defined the class as follows:

---

[1] Title 11, United States Code. References herein to sections of the Bankruptcy Code are shown as "section ____."

1

> All persons who contributed to the employee 401(k) plan of Epcon, Inc., or Progix, Inc., or their subsidiaries from October 1, 2000, through March 31, 2001, and whose contributions to the 401(k) plan were not transmitted to the administrative server.

The Court also ordered that the class claims and issues were those set forth in the Complaint, and directed the parties to confer as to a plan of class notice and submit such a plan to the Court within thirty days.

The Court subsequently granted the parties' joint motion for an extension of time to submit a plan of class notice until June 30, 2005, as the parties represented that they were trying to reach agreement on various issues.

On June 29, 2005, however, the Defendant filed a Motion to Approve Rule 7023 Notice, while on the next day the Plaintiffs filed both a Motion to Approve Rule 7023 Notice and a Motion for Leave to File an Amended Complaint. The Defendant objected to both of the Plaintiffs' motions.

On November 30, 2005, this Court denied both the Motion to Approve Rule 7023 Notice and the Motion for Leave to File an Amended Complaint filed by the Plaintiffs. With a minor modification, the Court granted the Defendant's Motion to Approve Rule 7023 Notice,

Plaintiffs have filed the instant Motion to Reconsider the Court's Order of November 30, 2005, denying the request to file an amended complaint. The Defendant opposed this Motion. Although

the matter was scheduled for oral argument, upon request of the parties, the matter was submitted on briefs.

In the Reasons for Decision entered in connection with the Court's November 30, 2005 Order, and in determining whether to grant leave to amend the complaint, this Court applied the following factors set forth by the Fifth Circuit:

> (1) undue delay; (2) bad faith; (3) dilatory motive on the part of the movant; (4) repeated failure to cure deficiencies by any previously allowed amendment; (5) undue prejudice to the opposing party; and (6) futility of amendment. (citation omitted)

Ellis v. Liberty Life Assurance Co. of Boston, 394 F.3d 262, 268 (5th Cir. 2005). This Court based its denial of the Motion for Leave to File an Amended Complaint on findings of both undue delay and prejudice to the Defendant.

After careful review and consideration of the pleadings filed by both the Plaintiffs and the Defendant, the Court re-affirms its denial of Plaintiffs' Motion for Leave to File an Amended Complaint.

A separate order in conformity with the foregoing reasons has this day been entered into the record of this proceeding.

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, on this 29th day of March, 2005.

_____
Gerald H. Schiff
United States Bankruptcy Judge

3